# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

### (Northern Division)

| | | |
|---|---|---|
| KENNETH PATRICK GAUGHAN, | ) | |
| 1512 Druid Hill Avenue | ) | |
| Baltimore City, Maryland 21217 | ) | |
| Tel: (614) 256-2357 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _MJM 2 6 CV 1 7 0 8_ |
| | ) | |
| ELEVATE RANK LLC, | ) | |
| 256 Calle Rosario PH2 | ) | |
| San Juan, Puerto Rico 00912, | ) | |
| | ) | |
| Defendant. | ) | |

**HD**

Rcv'd by:_____

USDC- BALTIMORE
'26 APR 30 PM2:31

## COMPLAINT FOR DECLARATORY JUDGMENT

## AND INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

1.      This action presents a single, narrow question of registration scope: whether U.S.

Trademark Registration No. 7,686,036, which protects only a stylized graphic design and which

expressly disclaims any exclusive rights to the word "ESAPET" apart from the mark as shown,

can be enforced against the use of the plain word "ESAPET" as a domain name by another party. Plaintiff contends it cannot.

2.      Plaintiff Kenneth Patrick Gaughan has continuously owned and operated the domain ESAPET.org since April 26, 2019. Defendant Elevate Rank LLC was formed on June 30, 2021. In December 2025, Defendant's agent submitted trademark complaints to two of Plaintiff's hosting providers asserting that Plaintiff's use of the word "ESAPET" in his domain name infringed Registration No. 7,686,036. Within forty-eight hours, two separate hosting providers suspended Plaintiff's services. ESAPET.org has been offline since.

3.      The complaints rest on a misuse of the registration. The registration certificate states, on its face: "No claim is made to the exclusive right to use the following apart from the mark as shown: 'ESAPET.'" That disclaimer is central to the registration's scope. The United States Patent and Trademark Office's own published guidance confirms its legal effect: "You will still retain exclusive rights to your trademark when you use it as a whole, but not to the disclaimed wording or design when it is used separately from your trademark." U.S. Patent and Trademark Office, How to Satisfy a Disclaimer Requirement, https://www.uspto.gov/trademarks/laws/how-satisfy-disclaimer-requirement (last visited Apr. 30, 2026).

4.      Plaintiff seeks a declaratory judgment that Defendant's Registration No. 7,686,036 protects the composite stylized mark as shown on the registration certificate and does not give Defendant separate exclusive rights in the word "ESAPET" apart from the registered stylized design, and a permanent injunction prohibiting further enforcement of that registration against Plaintiff's plain-text domain use and requiring Defendant to withdraw the existing complaints. Plaintiff does not seek monetary damages.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and under 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act).

6.      An actual controversy of sufficient immediacy and reality exists between the parties to warrant declaratory relief. Defendant has affirmatively asserted, through enforcement complaints submitted to third parties, that Plaintiff's use of ESAPET.org infringes Registration No. 7,686,036. Defendant's counsel further characterized Plaintiff's conduct as fraudulent in correspondence dated January 8, 2026, and threatened additional legal action. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007).

7.      This Court has personal jurisdiction over Defendant. Defendant intentionally directed enforcement conduct at the forum by submitting trademark complaints targeting a domain operated by a Maryland resident, knowing the harm would be felt where Plaintiff resides. See Calder v. Jones, 465 U.S. 783 (1984). Defendant's counsel additionally directed correspondence to Plaintiff at his Maryland address. These contacts satisfy the requirements of Maryland's long-arm statute and the Due Process Clause.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. Plaintiff resides in Baltimore, Maryland, where the harm caused by Defendant's enforcement conduct was felt, and where Plaintiff continues to suffer the consequences of the suspension of ESAPET.org.

## THE PARTIES

9.      Plaintiff Kenneth Patrick Gaughan is a natural person residing at 1512 Druid Hill Avenue, Baltimore City, Maryland 21217. Plaintiff is the registered owner of the domain ESAPET.org and has been continuously since April 26, 2019.

10.     Defendant Elevate Rank LLC is a Puerto Rico limited liability company with a principal place of business at 256 Calle Rosario PH2, San Juan, Puerto Rico 00912. Defendant is the registered owner of U.S. Trademark Registration No. 7,686,036.

## FACTUAL ALLEGATIONS

### A. The Challenged Registration and Its Disclaimer

11.     On April 15, 2024, Defendant filed an application (Serial No. 98501079) with the United States Patent and Trademark Office to register a stylized graphic design as a trademark in International Class 044. The application described the mark as follows: "The letters 'E' 'S' and 'A' in dark green next to a stylized 'P' in light green with a half dogbone for the upper part of the 'P' and a paw print at the bottom of the 'P', next to the letters 'E' and 'T' in light green." Color was claimed as a feature of the mark.

12.     On February 11, 2025, the USPTO issued Registration No. 7,686,036 based on that application. The registration certificate covers the composite stylized mark as shown. The certificate contains the following express disclaimer: "No claim is made to the exclusive right to use the following apart from the mark as shown: 'ESAPET.'"

13.     The disclaimer was required by the USPTO because the word "ESAPET" is descriptive of the registered services. "ESAPET" is a contraction of "Emotional Support Animal" and "Pet,"

directly describing the subject matter of "Providing a website featuring information regarding mental health and wellness" in connection with emotional support animals.

14.     The legal effect of a disclaimer is well established. The United States Patent and Trademark Office's own published guidance states: "You will still retain exclusive rights to your trademark when you use it as a whole, but not to the disclaimed wording or design when it is used separately from your trademark." U.S. Patent and Trademark Office, How to Satisfy a Disclaimer Requirement, https://www.uspto.gov/trademarks/laws/how-satisfy-disclaimer-requirement (last visited Apr. 30, 2026). The disclaimer in Registration No. 7,686,036 is therefore central to the registration's scope and defeats Defendant's attempt to claim a separate exclusive right in the word ESAPET standing alone, divorced from the registered stylized design.

### B. Plaintiff's Continuous Use of ESAPET.org Since 2019

15.     On April 26, 2019, Plaintiff registered the domain ESAPET.org through GoDaddy. WHOIS records confirm Plaintiff's uninterrupted ownership of the domain from April 2019 through the present.

16.     Internet Archive (Wayback Machine) captures document continuous operation of ESAPET.org as a content website from December 2019 through the date of suspension, including captures dated December 27, 2019; December 2, 2021; August 4, 2024; and October 5, 2025.

17.     ESAPET.org served as an educational website providing information regarding emotional support animals, related federal and state laws, and connecting users with mental health and animal-related resources. Plaintiff is the founder and owner of Therapetic Solutions, Inc., a

District of Columbia nonprofit corporation, and ESAPET.org has been used in connection with that organization's educational mission.

18.    ESAPET.org used only the plain word "ESAPET" in its domain name. The website did not use the stylized design covered by Registration No. 7,686,036, did not use the dog-bone-and-paw-print stylized "P," did not use the two-tone green color scheme described in the registration, and did not display any mark confusingly similar to the registered design.

19.    Prior to its suspension in December 2025, ESAPET.org was an established and indexed website with measurable Google search authority. Google Search Console data for the period December 28, 2024 through December 8, 2025 reflects approximately 2,669 user clicks and 248,167 search impressions arising from organic Google search results. Google ranked ESAPET.org at approximately position 3.59 for the literal search query "esapet," reflecting that the public, through search behavior, associated the term with Plaintiff's domain.

*C. Defendant's Enforcement Complaints in December 2025*

20.    On December 8, 2025, Jonathan Torres, identifying himself as affiliated with "UP Venture Media," submitted an electronic abuse report to Cloudflare, Inc. The report (Report ID 842b25fbefe097a2) asserted that ESAPET.org was "infringing on my registered U.S. trademark." The report identified the trademark by Registration No. 7,686,036, listed Mr. Torres's submitter information as "Jonathan Torres, UP Venture Media," and demanded that Cloudflare "remove and permanently block this infringing company."

21.    Mr. Torres is a Manager of Elevate Rank LLC. The Certificate of Formation of Elevate Rank LLC, filed with the Government of Puerto Rico Department of State on June 30, 2021 (Register No. 468250, Order No. 2072892), identifies "Torres Monjaras, Jonathan R" as a

Manager of the company, with the same principal office address as Defendant: 256 Calle Rosario, Apartment PH2, San Juan, Puerto Rico 00912. The Certificate further identifies "Hello@jontorres.com" as the email address for both Mr. Torres and the company's Resident Agent.

22.    The telephone number listed on Defendant's Certificate of Formation as the principal office number, (707) 228-9588, is the same telephone number Mr. Torres provided to Cloudflare as his contact information when he submitted the December 8, 2025 trademark complaint against ESAPET.org. The Certificate of Formation, the Cloudflare complaint, and Defendant's registered office all converge on the same person at the same address with the same telephone number.

23.    As a Manager of Elevate Rank LLC identified on the Certificate of Formation, Mr. Torres has authority to act on behalf of Defendant. The December 2025 trademark complaints submitted by Mr. Torres to Cloudflare and the resulting takedowns at InMotion Hosting and DreamHost are therefore direct acts of Defendant. To the extent Defendant contends that Mr. Torres acted outside the scope of his authority as Manager, Defendant has ratified that conduct by accepting and continuing to enjoy its benefits, namely the continued offline status of ESAPET.org, and by reasserting the underlying trademark claim through its counsel's January 8, 2026 demand letter.

24.    The Cloudflare report did not allege that Plaintiff used the stylized design covered by the registration. The report alleged that Plaintiff was "Using my trademarked brand name", that is, using the word "ESAPET," in his domain name. The report described the "Original Work" protected as "Trademarked Symbol: ESA Pet, Registration Number: 7686036."

25.    On December 9, 2025, InMotion Hosting, Plaintiff's web hosting provider since 2016, suspended ESAPET.org based on the Cloudflare-forwarded complaint.

26.    Following the InMotion suspension, Plaintiff migrated ESAPET.org to a different web hosting provider, DreamHost. On December 10, 2025, within twenty-four hours of the migration, DreamHost terminated Plaintiff's account and canceled the associated domain registrations. Upon information and belief, this termination resulted from a separate trademark complaint filed by or on behalf of Defendant directed at the new host.

27.    ESAPET.org has been offline continuously since December 9, 2025. Google Search Console data reflects that, by March 2026, Google had effectively de-indexed the site, with monthly organic search impressions falling from a stable baseline of 8,000 to 28,000 per month to one or two impressions per month.

## D. Defendant Has Refused to Withdraw the Enforcement Complaints

28.    Despite Plaintiff's repeated written requests to Defendant's counsel, to InMotion Hosting, and to Cloudflare, Defendant has at no time withdrawn the December 2025 complaints, repudiated Mr. Torres's submission of those complaints, or communicated any consent to reinstatement of ESAPET.org. Defendant's continued failure to withdraw the complaints, despite express opportunities to do so, further confirms that the December 2025 enforcement is conduct of the Defendant or has been ratified by the Defendant.

E. InMotion Hosting Has Identified Legal Process as a Basis for Reconsideration

29.    On December 17, 2025, the InMotion Hosting Legal Department, through Ms. Laurin S., communicated InMotion's position to Plaintiff in writing. The Legal Department stated that

InMotion "will respond only upon receipt of (i) a valid court order, (ii) a directive issued by the USPTO/TTAB in an applicable proceeding, or (iii) other legally binding process." Plaintiff later escalated the matter to InMotion's General Counsel, but InMotion did not alter that position.

30.     A declaratory judgment from this Court regarding the scope of Registration No. 7,686,036 as it applies to Plaintiff's plain-text domain use, accompanied by an order requiring withdrawal of the December 2025 complaints, would satisfy the condition identified by InMotion's Legal Department and provide a basis for restoration of Plaintiff's website services.

*F. The Pending Trademark Cancellation Proceeding Is a Separate Matter*

31.     On December 9, 2025, Plaintiff filed a Petition for Cancellation of Registration No. 7,686,036 with the Trademark Trial and Appeal Board. The proceeding is pending as Cancellation No. 92090321.

32.     The TTAB cancellation proceeding asks a different question than this action. The TTAB proceeding asks whether the registration should be cancelled, that is, whether the registration should continue to exist on the federal register. This action takes the registration as it currently exists and asks whether, by its own terms (including its express disclaimer), the registration covers the conduct that was enforced against. Plaintiff does not ask this Court to cancel Registration No. 7,686,036 in this action. The TTAB cannot grant the relief sought here, including declaratory judgment of non-infringement and injunctive relief regarding hosting provider communications, and has no authority to order Defendant to withdraw the December 2025 complaints.

33.     The doctrine of primary jurisdiction does not apply because the issue presented here is not whether the registration should be cancelled, but whether Defendant may use the existing

registration to obtain extra-judicial takedowns based solely on Plaintiff's plain-text domain use. The relief sought in this action, including declaratory judgment of non-infringement and an order requiring withdrawal of complaints submitted to hosting providers, is not within the TTAB's authority to grant. See 15 U.S.C. § 1071; 28 U.S.C. §§ 2201-2202.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## (28 U.S.C. § 2201; 15 U.S.C. § 1114)

34.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 33 as though fully set forth herein.

35.     An actual case or controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201 and Article III of the Constitution. Defendant has affirmatively asserted, through enforcement conduct directed at Plaintiff's hosting providers and through correspondence from its counsel, that Plaintiff's use of the word "ESAPET" in his domain name infringes Registration No. 7,686,036. Plaintiff disputes that assertion.

36.     Plaintiff is entitled to a declaratory judgment that his use of ESAPET.org does not infringe Registration No. 7,686,036, on grounds including but not limited to the following:

a.     The registration protects the composite stylized mark as shown on the registration certificate, not a separate exclusive right in the word "ESAPET" divorced from the registered design;

b.     The registration contains an express disclaimer of any exclusive right to use the word "ESAPET" apart from the registered design;

c.    Plaintiff has not used and does not use the registered design, the dog-bone-and-paw-print stylized "P," the two-tone green color scheme, or any element of the registered mark other than the disclaimed word "ESAPET" in his domain name. Because Plaintiff does not use the registered design elements, dog-bone-and-paw-print stylized "P," or two-tone green presentation, Defendant's enforcement complaints were directed at Plaintiff's plain-text domain use rather than any use of the registered composite mark; and

d.    Plaintiff's adoption and continuous use of ESAPET.org commenced on April 26, 2019, well before Defendant's formation as a legal entity on June 30, 2021.

**GROUNDS FOR INJUNCTIVE RELIEF**

**(28 U.S.C. § 2202; 15 U.S.C. § 1116)**

37.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

38.    Plaintiff has suffered, and continues to suffer, irreparable harm as a direct result of Defendant's enforcement conduct. The harm includes, without limitation: (a) loss of organic Google search position and indexing for the domain ESAPET.org, including the position-3 ranking the domain previously held for the search term "esapet"; (b) loss of accumulated search engine authority and domain authority developed over more than six years of continuous operation; (c) destruction of established user-traffic patterns documented by approximately 248,167 search impressions annually prior to the suspension; (d) damage to Plaintiff's online reputation and the educational mission served by the domain; and (e) ongoing inability to

communicate with the public through the established domain. These harms cannot be adequately remedied by money damages and constitute irreparable injury.

39.    Without injunctive relief, the harm will continue and compound. Each day the domain remains offline further degrades search engine indexing and user-traffic relationships that took years to establish. Defendant's targeted enforcement against the second hosting provider within twenty-four hours of migration demonstrates that any future migration will be met with further enforcement complaints, foreclosing self-help remedies.

40.    The balance of equities tips in Plaintiff's favor. Plaintiff is suffering ongoing destruction of an asset he has owned and operated for more than six years. Defendant, by contrast, is asserting the registration against plain-text use of the disclaimed wording, without any use of the registered design, and has identified no legitimate interest that would be impaired by an order requiring it to withdraw enforcement directed at conduct outside the registration's asserted scope.

41.    The public interest favors injunctive relief. The integrity of the federal trademark system depends on registrations being enforced according to their actual scope, including their disclaimers. The public interest is harmed when registrants enforce a registration beyond its scope, particularly through extra-judicial channels that bypass the protections of formal litigation. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Elevate Rank LLC as follows:

A.    Declaring that Plaintiff's ownership, domain registration, and use of ESAPET.org does not infringe U.S. Trademark Registration No. 7,686,036;

B.    Declaring that U.S. Trademark Registration No. 7,686,036 does not give Defendant a separate exclusive right to prevent Plaintiff's plain-text use of "ESAPET" as a domain name, without the registered stylized design elements;

C.    Permanently enjoining Defendant, its officers, agents, employees, attorneys, and all persons acting in concert with them, from asserting, based on Registration No. 7,686,036, infringement claims against Plaintiff's use of ESAPET.org or any other domain operated by Plaintiff in the form of plain text without the registered stylized design elements;

D.    Ordering Defendant, within seven (7) days of entry of judgment, to transmit written notices to Cloudflare, Inc., InMotion Hosting, Inc., DreamHost LLC, and any other entity to which Defendant or its agents have submitted complaints regarding ESAPET.org, withdrawing those complaints and consenting to restoration of Plaintiff's services;

E.    Permanently enjoining Defendant, its officers, agents, employees, attorneys, and all persons acting in concert with them, from filing complaints with hosting providers, content delivery networks, domain registrars, or similar service providers, based on U.S. Trademark Registration No. 7,686,036, directed at any domain operated by Plaintiff using the word "ESAPET" in plain text without the registered stylized design elements;

F.    Awarding Plaintiff his costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

G.    Granting such other and further relief as this Court deems just and proper.

Dated: April 30, 2026

*Respectfully submitted,*

Kenneth Patrick Gaughan

Plaintiff, Pro Se

1512 Druid Hill Avenue

Baltimore City, Maryland 21217

Tel: (614) 256-2357

Email: kengaughan@gmail.com